# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IRMA COLEMAN, et al.,

     Plaintiffs,

-vs-                          Case No. 17-cv-130-DRH

ASTRAZENECA PHARMACEUTICALS, LP, et al.,

     Defendants.

---

JOHN ROSENSTEEL, et al.,

     Plaintiffs,

-vs-                          Case No. 17-cv-131-DRH

ASTRAZENECA PHARMACEUTICALS, LP, et al.,

     Defendants.

---

NICHOLAS SKAGGS, II, et al.,

     Plaintiffs,

-vs-                          Case No. 17-cv-132-DRH

ASTRAZENECA PHARMACEUTICALS, LP, et al.,

     Defendants.

---

KENNETH LLOYD DRAVLAND, JR.

     Plaintiff,

-vs-                          Case No. 17-cv-133-DRH

**ASTRAZENECA PHARMACEUTICALS, LP, et al.,**

**Defendants.**

## PROTECTIVE ORDER

### Purpose

1. The Parties recognize that discovery may be required of certain information that a Designating Party, as defined below, reasonably and in good faith believes should be subject to confidential treatment under a protective order. The designation of a document, material, or information (whether written, graphic or electronic) as being subject to the terms and conditions of this Protective Order, is intended to protect the proprietary and business interests of the Designating Party, protect personal privacy rights, and facilitate prompt discovery and the preparation for trial of this action.

### Scope

2. This Order shall govern the above-captioned matter, including any appeal therefrom, and any other proton pump inhibitor litigation filed in this Court by one or more of the undersigned counsel against one or more Defendants alleging personal injury, wrongful death, or other damage arising from the purchase and/or ingestion of a proton pump inhibitor ("PPI") manufactured, sold, or marketed by one of the Defendants named in this action (collectively "the Litigation").

3. This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, that any party to this Litigation (the "Producing Party" or "Designating Party") produces to any other party (the "Receiving Party") and that the Producing Party designates as confidential under this Protective Order.

4. This Protective Order is binding upon all Parties and their counsel (both outside and inside counsel) in this Litigation, upon all signatories to the Acknowledgement of Stipulated Protective Order, attached as Exhibit A (the "Acknowledgement"), and upon (as applicable) their respective corporate parents, subsidiaries, and affiliates, including their successors, and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, any person who obtains a Document or information produced or disclosed in the Litigation pursuant to this Order, and others as set forth in this Protective Order.

5. If additional parties are added other than parents, subsidiaries or affiliates of current parties to this litigation, their ability to receive a Document protected by this Protective Order will be subject to their being bound to this Protective Order, by agreement pursuant to execution of the Acknowledgement attached as Exhibit A, or Court Order.

6. Third Parties who are obligated to produce Confidential Discovery Material in this Litigation and who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of this Protective Order.

7. The entry of this Protective Order does not preclude any Party from objecting to discovery that the Party believes to be improper.

8. Nothing herein shall be construed as an admission or concession by any Party that designated Confidential Discovery Material, or any Document or Information derived from Confidential Material, was appropriately designated as Confidential Material or constitutes material, relevant, or admissible evidence in this Litigation.

9. This Protective Order shall not be construed to protect from production or to permit the designation of any documents or information as "Confidential" that: (a) a Receiving Party has lawfully obtained by or from another source on a non-confidential basis, without breach of law, regulation, court order, or privilege, (b) is at the time of production or disclosure, or subsequently become, through no wrongful or negligent act of the Receiving Party, readily accessible to others on a non-confidential basis, or (c) the party has failed to make reasonable efforts to keep confidential other than by inadvertent production or disclosure of confidential material. In the event the Receiving Party identifies any document

that it reasonably believes falls under this paragraph, it shall continue to treat the document as "Confidential" and follow the procedures pursuant to this Order.

10. **Definitions**.  As used in this Order,

    a.  "Confidential Discovery Material" as used herein, means information of any type, kind or character that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Rule 26(c)(1)(G), whether it is a Document, Discovery Material, or portions thereof, information contained therein, or information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.  Discovery Material containing trade secrets or other confidential research, development, or commercial information may be designated by the Producing Party as "Confidential."

    b.  "Confidential Personal Information" may mean Documents, material or information produced by the Producing Party in the course of discovery of the Litigation that are designated "Personal Information" or "Sensitive Personal Information-Attorneys Eyes Only" as follows:

        1.  Any Document produced by a party in discovery that (1) may only be obtained from a foreign jurisdiction outside the United States and is subject to the protection of foreign privacy and

data protection laws of that jurisdiction, and (2) contains information about or pertaining to a specific individual that can be linked to that individual, may be designated as "Personal Information" by the Producing Party.

2. Any Document produced by a party that may only be obtained from a foreign jurisdiction outside the United States that (1) is subject to the protection of foreign privacy and data protection laws of that jurisdiction, and (2) which the Producing Party reasonably believes in good faith to contain information about or pertaining to a specific individual that can be linked to that individual and that reveals race, ethnic origin, sexual orientation, political opinions, religious or philosophical beliefs, trade union or political party membership or that concerns an individual's health, may be designated as "Sensitive Personal Information-Attorneys Eyes Only."

c. "Discovery Material" means all products of discovery and all information derived therefrom, including, but not limited to (1) deposition testimony, (2) responses to written discovery requests and any copies, excerpts, or summaries thereof, (3) responses to subpoenas and authorizations for release of records, and (4) voluntary or required disclosures made by any party or person. This

Protective Order is applicable to all forms of discovery, including but not limited to deposition testimony, deposition exhibits, answers to interrogatories, Documents produced in response to requests for production, responses to requests for admission, medical records, and any Documents recorded on computer disks or removable storage media.

d. "Document(s)" shall be defined as they are in Federal Rule of Civil Procedure 34, whether produced or created by a Party or another person, and whether produced pursuant to the Federal Rules of Civil Procedure, Local Rules, subpoena, by agreement, or otherwise. This shall include, but not be restricted to, all interrogatory answers, responses to requests for production or for admission(s), deposition testimony, and deposition exhibits.

e. A "party" or "parties" means any individual or entity named as a party to any action pending in the Litigation.

f. A "person" or "persons" means any non-party or third-party subject to the Protective Order as described in Paragraph 4.

**Designation and Treatment of Confidential Material**

11. The parties agree that a Receiving Party (or any other person who receives Confidential Discovery Material and/or Confidential Personal Information from a Receiving Party) may use Confidential Discovery Material and/or

Confidential Personal Information will be used only for purposes of the Litigation. Other than described herein, Confidential Discovery Material and/or Confidential Personal Information will not be used by a Receiving Party for any other purpose, including other litigation, and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Order, or by determination of the Court.

12. This Order is HIPAA-compliant pursuant to 45 C.F.R. § 164.512 (e)(1)(v). The parties agree that a Receiving Party (or any other person who receives Confidential Discovery Material and/or Confidential Personal Information from a Receiving Party) may use Confidential Discovery Material and/or Confidential Personal Information only for purposes of the Litigation, including Documents that contain Protected Health Information (PHI) and individually identifiable health information that is protected from unauthorized disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified in 45 C.F.R. §§ 160, 164.

13. Any pleadings, discovery responses, statements, declarations, drafts, copies, photographs, depictions, excerpts, and notes concerning or other information generated from an inspection of a Document that quotes, incorporates, reflects or otherwise includes, in whole or in part, Confidential Discovery Material and/or Confidential Personal Information shall be treated in the same manner as the Document bearing the designation.

14. Any person subject to this Protective Order who receives any Confidential Discovery Material and/or Confidential Personal Information in the course of discovery in the Litigation shall not disclose such Confidential Discovery Material and/or Confidential Personal Information to anyone else except as expressly permitted by this Protective Order.

15. The Producing Party may designate as Confidential Discovery Material and/or Confidential Personal Information any Document that it in good faith believes constitutes confidential material subject to protection from disclosure under Federal Rule of Civil Procedure 26 and/or applicable statutes, laws, or regulations.

16. The Producing Party may designate a Document as Confidential Discovery Material and/or Confidential Personal Information by stamping or otherwise clearly marking the Document as "Confidential," "Personal Information" or "Sensitive Personal Information-Attorneys Eyes Only" in such a manner that will not interfere with legibility or audibility.

17. To the extent that Confidential Discovery Material and/or Confidential Personal Information stored or recorded in the form of electronic or magnetic media (including, but not limited to: information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes (collectively referred to as "Electronic Discovery Material")) is produced in such form, the Producing Party may designate the

Electronic Discovery Material as "Confidential," "Personal Information" or "Sensitive Personal Information – Attorney Eyes Only" by cover letter referring generally to the Electronic Discovery Material, or by designation in the accompanying load file, or by stamping or marking the production media containing the Documents with the appropriate designation(s). Whenever a party or other person receives Electronic Discovery Material subject to this Order and reduces the Electronic Discovery Material to hardcopy or image form, that party shall mark the hardcopy or image form with the appropriate designation(s).

18. All depositions or portions of depositions taken in this action that contain Confidential Discovery Material and/or Confidential Personal Information may be designated "Confidential" and thereby obtain the protections accorded under this Protective Order. Confidentiality designations for depositions shall be made either on the record or by written notice to all other parties within 30 days of receipt of the final transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" through the 30-day period following receipt of the transcript. Except as provided below, the deposition of any witness (or any portion of such deposition) that encompasses Confidential Discovery Material or Confidential Personal Information shall be taken only in the presence of persons who are bound or have agreed to be bound by this Order and who have executed the attached Acknowledgement of Stipulated Protective Order.

19. Documents produced by a third party that are not already designated as Confidential Discovery Material by the Producing Party, shall be treated as Confidential Discovery Material and/or Confidential Personal Information for forty-five (45) calendar days after production. During this period any party may designate such Documents as Confidential pursuant to the terms of this Order. Any party designating third party information as "Confidential" shall have the same rights as a Producing Party under this Order with respect to such information.

20. The terms of this Order shall in no way affect the right of the Producing Party (a) withhold Documents on the alleged grounds of immunity from discovery such as, for example, attorney client privilege, joint defense privilege, work product doctrine or any other privilege recognized in this jurisdiction; (b) to exclude from production Documents that contain information relating only to products other than PPIs; or (c) to exclude from production Documents on alleged grounds that such Documents are beyond the scope of discovery defined in Fed. R. Civ. P. 26(b)(1).

21. Confidential Discovery Material and/or Confidential Personal Information includes information that would identify patients and/or persons associated with reporting adverse events involving human drugs including but not limited to names, addresses, initials, Social Security numbers, tax identification numbers, e-mail addresses, telephone numbers, and other personal identifying

information of patients (including Plaintiff(s)), health care providers and research subjects. See 21 C.F.R. §§ 20.63, 20.113, 45 C.F.R. §§ 160, 164. Defendants shall not be compelled to disclose this identifying information, and a Defendant may redact this identifying information from discovery material before production, provided, however, that such defendant shall maintain an un-redacted copy of such discovery material for any further review by the Court.

22. Information disclosing the identity of any patients and/or voluntary reporters that are not redacted pursuant to Paragraph 21 shall be treated as Confidential Discovery Material and/or Confidential Personal Information (as appropriate), regardless of whether the Document containing such names is designated as Confidential Discovery Material or Confidential Personal Information. The person(s) identified in such records shall not be contacted, either directly or indirectly, based on information so disclosed without the express written permission of the Producing Party, or by order of Court.

23. The terms of this Order shall in no way affect the right of any person or party to redact information including but not limited to: (a) Documents that contain information protected from disclosure by the attorney-client privilege, joint defense privilege, work product doctrine or any other privilege recognized in this jurisdiction; (b) Documents that contain information protected by the EU Data Privacy Directive or other applicable privacy law or regulation; (c) portions of Documents that contain proprietary information that would reveal formula or

specific manufacturing specifications for Defendants' drugs; (d) drugs other than PPIs manufactured by Defendants; (e) street addresses, Social Security numbers, tax identification numbers, credit card numbers, dates of birth, marital status, home telephone numbers, personal email addresses (unless that address was used for relevant correspondence), cellular telephone numbers, and other personal information of employees; (f) employee usernames, employee passwords, and the names of employees' spouses and children; and (g) names, addresses, Social Security numbers, tax identification numbers, e-mail addresses, telephone numbers, and other personal identifying information of any clinical investigator.

24. To facilitate and expedite discovery, the Defendants may, at their option, produce Documents containing commercially sensitive and proprietary information regarding products other than PPIs ("Other Drug Information") without redacting such information.

    a. The Receiving Party and any other person who receives Documents through the Receiving Party will only use Documents containing Other Drug Information for the sole purpose of the Litigation.

    b. The Receiving Party or any other person who receives Documents through the Receiving Party will not use Documents containing Other Drug Information, or any information derived therefrom, for any purpose following the conclusion of the Litigation.

c. At any point during the pendency of the Litigation, the Producing Party Defendant may at its option redact Other Drug Information or clawback a Document containing Other Drug Information that has been produced and substitute a redacted version of the Document. Notwithstanding the foregoing, if the Producing Party Defendant seeks to redact or clawback a document that relates to a witness who is scheduled for deposition, it must move the Court to do so at least 21 days prior to that witness's deposition date, so that the parties may resolve the issue with the Court in advance of the deposition.

d. If the Producing Party Defendant desires to clawback a Document containing Other Drug Information, they will provide notice to the Receiving Party identifying the Document being clawed back and will also provide a new version of the Document in which the commercially sensitive or proprietary Other Drug Information has been redacted.  Subject to the procedures of paragraph 27 below, upon receipt of the new redacted version of the Document, the Receiving Party (i) will return or destroy the previous version of the Document; (ii) will not use the previous version for any purpose, and (iii) will ensure it retrieves any and all copies of the Document from any person who received Documents through the Receiving Party.

25. If at any time a party realizes that previously undesignated Documents should be designated as Confidential Discovery Material and/or Confidential Personal Information, the party may so designate by advising all other parties in writing. The designated Documents will thereafter be treated as Confidential Discovery Material and/or Confidential Personal Information pursuant to this Protective Order. Upon receipt of such designation in writing, each party shall take reasonable and appropriate action to notify any and all persons to whom the party provided the Documents of the protected status of the newly designated Confidential Discovery Material and/or Confidential Personal Information, and to retrieve same from any person to whom the party has provided it who is not permitted by this Protective Order to be in possession of such information.

26. Inadvertent production or other disclosure of Documents subject to work-product immunity, the attorney-client privilege, joint defense privilege, or other legal privilege or protection that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the Producing Party notifies the Receiving Party in writing within 30 days after the Producing Party becomes aware of such inadvertent production. Nothing herein shall be construed to preclude the Producing Party from moving the Court to seek an order permitting a "clawback" of any inadvertently produced or other disclosure of Documents.

27. Upon notification, the Receiving Party shall immediately return, sequester or destroy the inadvertently-produced Document and all copies as well as notes, summaries, and/or work product reflecting the contents of such materials. The Producing Party shall update its privilege log to include the inadvertently produced Document(s), and will produce a replacement production for the clawed back Document(s) as well as updated privilege log information for the Document(s) within seven (7) days of the date they notified the Receiving Party of the inadvertent Production. If only a portion of the Document is privileged, the Producing Party shall immediately provide a new version of the Document in which the privileged information has been redacted. No further use or disclosure shall be made of the inadvertently-produced Document(s), and the Receiving Party shall take all reasonable and appropriate steps to retrieve the Document(s), and all copies, from any person who has received Documents through the Receiving Party, until the claim, if any, is resolved.

28. The parties shall meet and confer and submit a proposal for the orderly and early process for identifying documents on the privilege log for which a privilege should or should not have been asserted. The parties shall have the benefit of all limitations on waiver afforded by the Federal Rules of Civil Procedure and Federal Rules of Evidence 501 and 502. Notwithstanding the foregoing, if the Producing Party Defendant seeks to redact or clawback a document that relates to a witness who is scheduled for deposition, it must move

the Court to do so at least 21 days prior to that witness's deposition date, so that the parties may resolve the issue with the Court in advance of the deposition. Failure to assert privilege in the Litigation as to one Document shall not be deemed to constitute a waiver of the privilege of any other Document allegedly so protected, even involving the same subject matter. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

**Disclosure of Confidential Material**

29. Materials having highly sensitive propriety value including, but not limited to, intellectual property materials, manufacturing materials, and competitive financial materials, may be designated as "Highly Confidential – Outside Counsel's Eyes Only."

30. Except for Documents designated as "Highly Confidential" or "Sensitive Personal Information-Attorneys Eyes Only" for which disclosure is governed by Paragraphs 30(a) and 31 and as otherwise expressly provided by this Order, Confidential Discovery Material and/or "Confidential Personal Information" (including Documents designated as "Personal Information") shall not be disclosed to any person, except as follows:

    a. Counsel of record for the parties in the Litigation, including any other attorney, paralegal, clerical, and other staff employed by such

counsel for work on the Litigation, or in-house Litigation counsel, paralegal or other staff responsible for the Litigation (provided, however, that Documents designated as "Highly Confidential – Outside Counsel Eyes Only" may not be shared with another defendant's in-house counsel, in-house paralegals, or in-house employees);

b. Where produced by a plaintiff, in addition to the persons described in subsection (a)-(k) of this section, Defendants' in-house counsel, paralegals and outside counsel, including any attorneys employed by or retained by Defendants' outside counsel who are assisting in connection with this Litigation, and the paralegal, clerical, and other staff employed or retained by Defendants' outside counsel;

c. Employees of the parties' outside counsel or third-party vendors involved solely in one or more aspects of reviewing, organizing, filing, coding, converting, storing or retrieving Documents or designating programs for handling Documents connected with the Litigation, including the performance of such duties in relation to a computerized litigation support system;

d. A witness at any deposition in the Litigation who is an employee of the Producing Party or who was an employee of the Producing Party

at the time the Document was generated or who authored or was copied on the Document.

e. Except as outlined in paragraphs 30 and 31, any witness, who counsel for a party in good faith believes may be called to testify at trial or deposition in the Litigation, provided such person has first executed the Acknowledgement of Stipulated Protective Order;

1. If a Party wishes to disclose Confidential Material to such a deponent or witness during a deposition or pre-trial hearing, the deponent or witness must be informed of this Protective Order and the fact that the material is confidential. No Confidential Material may be left with such a deponent or witness unless he or she has signed a copy of the Acknowledgement attached hereto as Exhibit A.

f. A plaintiff's current or former healthcare provider who has agreed on the record at deposition to maintain the confidentiality of any document intended to be used at the deposition may be shown or questioned about Confidential Discovery Material at the deposition, provided that no copies of the Confidential Discovery Material shall be left in the possession of the healthcare provider witness and copies of that Confidential Discovery Material shall not be attached to or included with any original or copy of the transcript of that

deposition provided to the healthcare provider. Counsel present at the deposition should make a good faith effort to obtain the healthcare provider's agreement on the record to maintaining confidentiality and no counsel shall make efforts to dissuade the healthcare provider from refusing to agree on the record to maintaining the confidentiality of any such Documents. Regardless of whether any deponent signs the Acknowledgement of Protective Order attached as Exhibit A, this Order will apply to any deponent who is shown or examined about Confidential Discovery Material and the deponent cannot take any exhibits with them nor can he/she reveal any information the learned from the confidential materials shown to them.

g. Except as outlined in paragraphs 30 and 31, outside consultants, outside experts, or other persons providing advice to counsel (including mock juries), who have been retained for the purpose of assisting counsel in the Litigation, provided such persons have first executed the attached Acknowledgement of Stipulated Protective Order;

h. Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

i.  Plaintiffs' counsel in any action filed in this Court, alleging kidney related injury as the result of use of the same PPI at issue in this Litigation, provided that the attorney sign Exhibit A or is bound by a Protective Order with similar confidentiality protections .

j.  Official court reporters; and

k.  The Court, Special Masters, agreed mediators, and their support personnel.

31. Documents designated as "Sensitive Personal Information-Attorneys Eyes Only" may only be disclosed to:

a.  Outside counsel for the parties to the Litigation, which includes undersigned Plaintiffs' counsel, who are actively engaged in the Litigation, and any other attorney, paralegal, clerical, and other staff employed by such counsel for work on the Litigation, or in-house Litigation counsel, paralegal or other staff responsible for the Litigation (provided, however, that Documents designated as Highly Confidential – Outside Counsel Eyes Only may not be shared with another defendant's in-house counsel, in-house paralegals, or in-house employees);

b.  Where produced by a plaintiff, in addition to the persons described in subsections (a)-(f) of this section, Defendants' in-house Litigation team;

c. A witness at any deposition in the Litigation who is or was[1] an employee of the Producing Party or who authored or was copied on the Document.

d. Except as outlined in paragraphs 30 and 31, outside consultants, outside experts, or other persons providing advice to counsel (including mock juries), who have been retained for the purpose of assisting counsel in the Litigation, provided such person has first executed the Acknowledgement of Stipulated Protective Order;

e. Official court reporters; and

f. The Court, agreed mediators, and their support personnel.

32. Prior to any disclosure of Confidential Discovery Material or Confidential Personal Information, to any person referred to above who must execute Exhibit A, the person shall be provided by counsel with a copy of this Protective Order and shall sign the Acknowledgement of Stipulated Protective Order attached as Exhibit A hereto. The Acknowledgement states that the person agrees to be bound by the terms of the Protective Order. All Acknowledgements will be maintained throughout the Litigation by the attorneys obtaining them. At the conclusion of the Litigation, upon a showing of good cause and necessity, any party may seek an order requiring production of the Acknowledgements, but

---

[1] Before showing "Sensitive Personal Information – Attorney's Eyes Only" material to former employees, plaintiffs must disclose the information to the Court, in camera, together with the name and current curriculum vitae of the proposed receiving former employee.

nothing in this Protective Order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

33. Other than as described in paragraphs 30(a), (d) and 31(a), (d), absent the agreement of the Producing Defendant or an Order of this Court, no Confidential Discovery Material produced by a Defendant may be shown to any current or former employee or any consultant of a different Defendant, including without limitation, at the deposition of that employee, former employee or consultant if that Defendant has been sued by the attorney who has endorsed this Protective Order.

34. Except as set forth in this paragraph, Confidential Discovery Material and Confidential Personal Information produced by the Defendants may not be provided or disclosed to anyone who is currently an employee, officer, director of an entity that is presently engaged in the research, development, distribution, manufacture or sale of a PPI product, unless the party seeking to provide or disclose such information to such persons obtains the express written consent of counsel for the Producing Party, or obtains an order from the Court permitting the disclosure, and notifies the Plaintiffs or other non-producing parties of their intent to provide or disclose such information to such persons.  Any party may object to compliance with this provision in writing, stating the grounds and serving a copy of such objection on all parties. The parties will meet and confer in

good faith to resolve the objection if possible in accordance with the Court's "Meet and Confer Requirement" set forth in the Scheduling and Discovery Order. If the objection cannot be resolved, the dispute shall be submitted to the Court pursuant to Local Rules 7.1 and 26.1(b)(3) for a ruling on the issue before disclosure of information to any person who falls within the provisions of this paragraph.

35. Nothing in this Order shall be deemed to preclude the Defendants or Plaintiffs from disclosing to the Food and Drug Administration, or any other regulatory authority, Confidential Discovery Material or information gleaned from Confidential Discovery Material, as may be required by statute or regulation.

36. Any party objecting to any designation of a Document, may at any time prior to the close of discovery in this action, serve upon counsel for interested parties a written notice stating good faith reasons for the objection, including but not limited to the Bates numbers of the documents included in the objection. The parties shall make good faith efforts to resolve any dispute with opposing counsel, including meeting and conferring with counsel for the Producing Party regarding the designation of individual Documents pursuant to the Court's "Meet and Confer Requirement" set forth in the Scheduling and Discovery Order. If agreement cannot be reached, objecting party will submit the dispute to the Court in accordance with Local Rules 7.1 and 26.1(b)(3), within 14 days of the parties' meet and confer regarding the objection. The Producing Party has the burden of

demonstrating that the material objected to is confidential under applicable statute, laws, or regulations. Pending resolution of the dispute by the Court, the material designated as Confidential Discovery Material and/or Confidential Personal Information shall remain so designated pursuant to this Protective Order.

37. If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Material and/or Confidential Personal Information, which any party or other person has obtained under the terms of this Order, the party or other person to whom the subpoena or other process is directed shall immediately notify the Producing Party in writing of the following: (1) the Confidential Discovery Material and/or Confidential Personal Information that are requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena and all available contact information for the serving party's counsel; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number, or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. The subpoenaed party or person shall not produce Confidential Discovery Material or Confidential Personal Information prior to providing the Producing Party written notice of the request and confirming receipt

of same, at which time the Producing Party bears the burden (and all costs and legal fees) of opposing the subpoena or other notice as it deems appropriate. The party receiving the subpoena or other notice shall cooperate with the Producing Party in any proceeding relating thereto.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

38. Documents that have been designated as Confidential Discovery Material and/or Confidential Personal Information pursuant to the provisions of this Order and that are to be filed with the Court shall be accompanied by an application to the Court.  Portions of any pleading, declaration, or other material submitted to the Court that quotes, incorporates, reflects or otherwise includes, in whole or in part Confidential Discovery Material and/or Confidential Personal Information shall also be accompanied by an application to the Court.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

39. The provisions of this Order shall not terminate at the conclusion of this action.  Except as otherwise expressly provided in this Order, within thirty (30) days after final conclusion of the last case in the Litigation, or such other time as the Producing Party may agree in writing, counsel shall, at their option, return or destroy all Documents (including without limitation any and all Electronic Discovery Material) designated as containing Confidential Discovery Material

and/or Confidential Personal Information, and all copies thereof. If counsel elects to destroy Confidential Discovery Material and/or Confidential Personal Information, they shall consult with counsel for the Producing Party on the manner of destruction and obtain such Party's consent as to the method and means of destruction. Each party shall certify, in writing, as to such return or destruction of the Confidential Discovery Material and/or Confidential Personal Information within the 30-day period. The parties may petition the Court to order the Clerk to return any Confidential Discovery Material and/or Confidential Personal Information filed under seal. Outside counsel, however, shall not be required to return or destroy any pretrial or trial records that are regularly maintained by that counsel in the ordinary course of business; which records will continue to be maintained as Confidential Discovery Material and/or Confidential Personal Information in conformity with this Order, and which include: privileged communications, work product, signed copies of the Acknowledgement of Stipulated Protective Order, and all court-filed documents even though they contain Confidential Discovery Material and/or Confidential Personal Information, but such Documents shall remain subject to the terms of this Protective Order.

40. The Court shall retain jurisdiction over all persons and parties subject to this Protective Order to the extent necessary to modify this Protective Order, enforce its obligations, or to impose sanctions for any violation.

41. This Protective Order shall not apply to, or restrict, Confidential Discovery Material or Confidential Personal Information used at the time of trial as evidence. Protection of Confidential Discovery Material and/or Confidential Personal Information at trial may be addressed by the Court as a separate matter upon the motion of any party.

42. Nothing in this Protective Order shall preclude a party from using or disclosing its own Confidential Discovery Material or Confidential Personal Information in any manner it sees fit, without the prior consent of any other party.

43. Any person in possession of another Party's Confidential Discovery Material shall exercise the same care with regard to the storage, custody, or use of the Confidential Discovery Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Confidential Discovery Material from loss, misuse and unauthorized access, disclosure, alteration and destruction.

44. Each person who has access to Confidential Discovery Material and/or Confidential Personal Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of the material.

45. A party who learns of an unauthorized disclosure of Confidential Discovery Material and/or Confidential Personal Information by it or by any person to whom the party has disclosed such information pursuant to this Protective Order shall within 14 days (a) issue written notice of the unauthorized

disclosure to the Producing Party; (b) use best efforts to retrieve all copies of the Confidential Discovery Material and/or Confidential Personal Information subject to unauthorized disclosure; (c) inform all persons to whom unauthorized disclosure was made of the terms of this Protective Order; and (d) use best efforts to secure an Acknowledgement of Stipulated Protective Order from all persons to whom the unauthorized disclosure was made.

46. This Protective Order may be modified by the Court upon motion filed pursuant to  Local Rule 7.1 or by stipulation of the parties approved by further order of the Court.

**IT IS SO ORDERED.**
**DATED:** May 5, 2017

Digitally signed by Judge David R. Herndon
Date: 2017.05.05 14:18:41 -05'00'

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

I, _____, acknowledge that I have received and understand the Stipulated Protective Order ("Protective Order") in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential ("Confidential Discovery Material"), and/or as Personal Information or Sensitive Personal Information ("Confidential Personal Information") or contain individually identifiable health information. I agree that I will not disclose such Confidential Discovery Material or Confidential Personal Information to anyone other than for purposes of the Litigation and that at the conclusion of the Litigation I will return all such Confidential Discovery Material and Confidential Personal Information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the State of Illinois for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Dated this _____ day of _____, _____.


_____